## M. C. MOTCH *v.* O. F. HILL.

[Abstract Kentucky Law Reporter, Vol. 7—380.]

**Liability of Assignor and Assignee.**

If a grantee pays part of the consideration by assigning to the grantor the obligation of a third party, the only liability then existing upon his part is to pay it, if the grantor after the exercise of proper diligence can not collect it from the maker; and any lien upon the land retained by the grantor only serves to secure the liability of the grantee as assignor. If anything has occurred to extinguish the liability then the lien is also extinguished.

**Waiver of Retained Lien.**

Where a grantor of real estate takes as a part payment from the grantee an order on a third party, at the same time retaining a vendor's lien, and fails for more than two years to attempt to collect the order, and then in a suit collects a part of it by compromise and then dismisses his action and agrees not to bring it again except on certain conditions, his negligence in collecting the balance of the order when it could have been collected will waive his retained lien.

APPEAL FROM KENTON CHANCERY COURT.

November 21, 1885.

OPINION BY JUDGE HOLT:

On May 6, 1876, one Pelling sold and conveyed to the appellee, O. F. Hill, a certain lot of land; and the latter for a part of the consideration executed a lien note of $1,250 to his vendor, payable six months thereafter. The note recited that there was an elder

purchase-money lien upon the lot in favor of a prior vendor, which was then estimated to amount to $703.17; and it was agreed that if the appellee paid it, or any of it, for the sum so paid he should have credit upon his $1,250 note. The appellee was then ignorant that prior to that time suit had been brought to enforce the elder lien, a judgment rendered, and the land in fact sold under it on April 8, 1876, and purchased by the appellant, M. C. Motch (together with another party who subsequently transferred his right to the appellant), he having before the sale become the owner of the debt.

When the appellee learned these facts he entered into negotiations with the appellant, looking to the release by the latter of his claims on the land; and they finally entereed into this written agreement:

"Kenton Circuit Court."

Clarissa Gest, Plaintiff,

v.

R. V. Goodloe, et al., Defendants.

In consideration of $814.07 paid to me, by the assignment and transfer of an order for $1,114.15, dated May 9, 1876, in favor of Oscar F. Hill, or order, and signed by Thomas Weber, president, and George F. Hill, or order, and signed by Thomas Weber, president, and George W. Cary, secretary, of the Franklin Loan & Building Association of Cincinnati, and by the finance committee of said association, and payable by said association (the balance of said order having been paid cash) I hereby sell, assign, transfer and convey to the said Oscar F. Hill the last two judgments and the four lien notes rendered and sued on in the above entitled action, and all the right, title and interest acquired by me under the sale and purchase made April 8, 1876, in this action in and to that part of the purchased premises lately conveyed to said Hill by Mrs. A. A. Pelling, hereby reserving and retaining a lien on said notes, judgments and premises to secure the payment of said order of $1,114.15, with accrued interest.

The said premises are to be and remain in the possession of said Hill, and I hereby consent and agree that the master commissioner may make the deed to said Hill whenever the said order is fully

paid by said building association, conveying to said Hill the property purchased by him from Mrs. Pelling as aforesaid.

Given under my hand the 17th day of May, 1876.

Attest: Orlando B. Schmidt.                               M. C. Motch."

Simultaneous with its execution the appellee made this indorsement under the order named in the above writing:

"For value received, I assign and transfer the within order to M. C. Motch, or order.

                                        Signed  O. F. Hill."

After deducting the purchase-money owing to the appellant and certain discounts upon the amount of the order, there was a balance coming to the appellee from the appellant by reason of the transfer of the order of $185.93, and this sum the appellant then paid the appellee by check. The building association failed to pay the order; and the appellant failed to sue upon it for nearly two years, or until April 8, 1878. The association remained solvent for at least two years from the time the appellant got the order. At the date named he brought an action against the association and attached money owing to it by third parties to an amount larger than his claim. The association threatened to go into bankruptcy, and thus destroy the attachment lien; and on June 7, 1878, the appellee not being a party to the suit against the association, it and the appellant entered into this agreement:

                          "Kenton Chancery Court, Kentucky."

        M. C. Motch,
                v.
The Franklin L. & B. Assn., et al.

Receipt, etc.

This is to certify that this cause has been settled, and that the same and all orders of attachment and levies herein are dismissed and set aside, and that no action be renewed thereon for two months.

That this suit, and certain other proceedings in bankruptcy, to set aside levies herein about to be sought, and certain receiver proceedings in the Com. Pleas Court of Ham. Co. O., are adjusted as follows between plaintiff and said association:

That said association now paid to plaintiff $502.50 on account

of his order No. 283 for $1,114.15, and interest, drawn to O. F. Hill and assigned to plaintiff, and filed herein. That said payment be considered as a payment made by the trustee or receiver hereafter to be appointed by the Com. Pleas Court of Ham. Co., O., and that all other members and creditors be paid and receive a dividend of fifty per cent. of dues (exclusive of interest to date) paid on their shares, books or orders, before said Motch shall receive any further dividend. But it is expressly agreed that this is not to prejudice any recourse of said Motch against said Hill.

M. C. Motch."

The action was dismissed on June 10, 1878, in conformity to the agreement; and on February 7, 1879, the appellant brought this action against the association and several garnishees who were indebted to it, and attached sufficient money owing to the association to pay the order, after deducting what had been paid to him upon the compromise of the other suit. The petition in this action sought no relief against the appellee although he was made a defendant; but he, finding that the appellant had on January 29, 1881, obtained a commissioner's deed to the land, filed an answer, asking that the appellant be adjudged to hold the lot in trust for him and that he be compelled to convey it to him. The action was dismissed as to the association upon the ground that the appellant had no cause of action against it until its other creditors had been paid fifty per cent. of their claim.

The appellant then by an amended petition, in which he disregarded his commissioner's deed, sought to enforce the unpaid part of his claim as a lien against the lot. This was resisted by the appellee upon the ground that the appellant had released him by neglect in prosecuting the collection of the debt from the association and by his agreement with it. It was not contended by the appellant that the agreement of May 17, 1876, was a guaranty, but that the order upon the association was transferred to the appellant merely as collateral security for the payment of what the appellant agreed to pay him for his right to or interest in the lot; that he was not therefore to be held to as strict diligence as the assignee of a note, and that the compromise agreement of June 7, 1878, was under the attending circumstances a prudent arrangement by which more was realized upon the claim than if the suit had been further prosecuted.

Upon the other hand it is urged that the order upon the association was received as an absolute payment by the appellant but that even if this be not so, then Hill was but an assignor and as such is released by Motch's negligence and his agreement with the association, and being released, no lien exists, as it was but an incident of the once existing liability. The testimony is so conflicting that it does not solve the question; and resort must be had to the character of the transaction. The reservation of the lien combats the appellee's claim that the appellant received the order as an absolute payment; while upon the other hand, if it had been taken as collateral merely, it is probable that the writing of May 17, 1878, and which was drawn by appellant's attorney, would have so stated. It, however, says: "In consideration of $814.07 paid to me by the assignment and transfer of an order," etc., and if the appellant received it, as he claims, it is singular that he did not hold the entire order as collateral, instead of paying a certain sum to the appellee upon it.

One conclusion is that it must be treated as an ordinary assignment of a debt and that it was the duty of the appellant to prosecute its collection with reasonable diligence. Instead of the assigned order being held as collateral, it seems to us that it was secured by the lien upon the land. The portion of the agreement of May 17, 1876, relating to the lien, is in effect an unrecorded mortgage. If the appellant after using proper diligence failed to collect the debt from the association, then he had the right to look to the appellee, and if the latter proved insolvent, then the claim was further secured by a lien upon the lot. If a grantee pays part of the consideration by assigning to the grantor the obligation of a third party, the only liability then existing upon his part is to pay it, if the grantor, after the exercise of proper diligence, can not collect it from the maker; and any lien upon the land retained by the grantor only serves to secure the liability of the grantee as assignor. If anything has occurred to extinguish the liability then the lien is also extinguished.

In this instance, several terms of different courts in which suit could have been brought upon the order intervened between the date of its transfer to the appellant and the time of bringing the first suit; and for two years after the assignment the association was solvent. This is not all, however. Holding a security or lien un-

der an agreement with his assignor to secure the payment of the assigned obligation, if the maker did not pay it, the appellant after he had brought a suit against the maker and had attached ample property to pay it, enters into a contract with the maker, without the knowledge or consent of the assignor, whereby, in consideration of part payment, he not only agreed to dismiss the action but bound himself that no suit should be brought upon the assigned claim for two months from that date, and that he would make no further claim against the maker until all of its other creditors had been paid. fifty per cent. of their claims. This was a new and distinct contract. The attempted reservation in it by the words: "But it is expressly agreed that this is not to prejudice any recourse of said Motch against said Hill," was idle, as Hill did not sign or agree to it; but the fact that they were inserted by the legal advisor of the appellant and the agreement then signed by him is a circumstance tending strongly to show the light in which they then regarded the matter.

The appellant has, by his own conduct and agreement, prevented further action, at least for a time, and then only upon certain conditions, against the maker of the obligation; and as he clearly has no right to look to the appellee, the lien, which was but an incident of the latter's liability, is lost.

Judgment *affirmed.*

*O'Hara & Bryan*, for appellant.

*Benton & Benton*, for appellee.